**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Fernando Frausto Lopez,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-24-00206-PHX-DWL<br>**ORDER** |

Pending before the Court is a motion for an award of attorneys' fees under 42 U.S.C. § 406(b) in the amount of $35,871.50 (Doc. 23) submitted by Plaintiff's counsel ("Counsel"), which the Commissioner does not oppose[1] (*id.* at 1 n.2). For the reasons that follow, the motion is granted in part and denied in part.

**BACKGROUND**

On January 30, 2024, Plaintiff filed the complaint. (Doc. 1.)

On June 28, 2024, Plaintiff filed the opening brief. (Doc. 14.)

On August 8, 2024, the parties filed a stipulation for remand. (Doc. 18.)

On October 23, 2024, pursuant to the parties' stipulation (Doc. 21), the Court awarded Plaintiff $7,200.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 22.)

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

On September 8, 2026, Counsel filed the pending motion, seeking § 406(b) fees (Doc. 23) and a memorandum in support thereof (Doc. 24).

**DISCUSSION**

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits. (Doc. 24-2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802-04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807-08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Counsel attached a Notice of Award, issued on November 2, 2025, indicating that Plaintiff's past-due benefits for February 2023 through September 2025 totaled $65,886.00, such that $16,471.50 was withheld. (Doc. 24-1 at 6.) Counsel also attached a letter titled "Notice of Change in Benefits," dated August 26, 2026, indicating that the Social Security Administration was withholding benefits for June 2019 through January 2023, but those benefits might have to be reduced, a decision that would be made at a future time and would result in "another letter." (*Id.* at 12.) The letter did not indicate the total of the past-due benefits but indicated that $19,400.00 was being withheld. (*Id.* at 13.) It is not clear whether this amount ($19,400.00) represented (1) 25% of the past-due benefits for only the period from June 2019 through January 2023, (2) 25% of the total past-due benefits, or (3) neither of these. Indeed, considering the caveat that the benefits might need to be reduced, it appears that at least as of August 26, 2026, no final decision had even been made about the amount of past-due benefits owed to Plaintiff, such that it is impossible to determine whether the award sought exceeds the 25 percent boundary.

Furthermore, Counsel has a responsibility to show that the fee sought is reasonable for the services rendered. To that end, the Court must determine whether it is appropriate

to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). "It must be remembered that every dollar that goes to the attorney comes out of an award that otherwise should be going to a person whom the law has said is exceedingly needy." *Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011).

The Court will therefore analyze the reasonableness of the requested award. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. This determination does not equate to use of the lodestar method. *Crawford*, 586 F.3d at 1149 ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all."). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808.) The Court must determine whether it is appropriate to reduce Counsel's recovery from the contingency fee to "disallow windfalls for lawyers." *Gisbrecht*, 535 U.S. at 808 (cleaned up). "The attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148.

Here, there is no need to reduce the fee award due to "substandard performance" or "dilatory conduct." *Id.* at 1151. Counsel did excellent work and secured a desired outcome

for Plaintiff. The Court's sole concern is that "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.

Counsel does not set forth any factors that make this specific case a particularly risky one, compared to the general risk that always inheres in representation on a contingency basis, and the Court cannot independently perceive any. Nor were the factual and legal issues particularly complex.

Counsel submitted a summary of the attorney hours spent litigating this case, totaling 30.3 hours. (Doc. 24-3.) The *de facto* hourly rate for the requested award of $35,871.50 would be $1,183.88 per hour. That *de facto* hourly rate exceeds what courts in the District of Arizona have found to be reasonable for § 406(b) awards in cases of ordinary complexity. This Court routinely approves, without any reduction for reasonableness, fee applications where the amount requested is in a more typical range—for a case of ordinary complexity and risk, an award between $9,500 and $17,000 is quite common and usually amounts to a *de facto* hourly rate between $350 to $410. *See, e.g.*, *Vega v. Commissioner of Social Security Administration*, 2:18-cv-01552-DWL ($13,493.25 award, 36.3 hours billed, $371.71 *de facto* hourly rate); *Bello v. Commissioner of Social Security Administration*, 2:18-cv-01620-DWL ($16,776.50 award, 41.7 hours billed, $402.31 *de facto* hourly rate); *Cox v. Commissioner of Social Security Administration*, 3:18-cv-08335-DWL ($9,528.40 award, 23.2 hours billed, $410.71 *de facto* hourly rate); *Eastes v. Commissioner of Social Security Administration*, 2:18-cv-00013-DWL ($13,394.75 award, 35.4 hours billed, $378.38 *de facto* hourly rate); *Sharp v. Commissioner of Social Security Administration*, 2:17-cv-08133-DWL ($14,816.40 award, 40.7 hours billed, $364.04 *de facto* hourly rate). This bears mentioning because it at least establishes a baseline—albeit not a ceiling—for what can easily be determined to be reasonable in a case of average complexity and risk. In cases where recovery needs to be reduced, the "prevailing non-contingent rate in the Phoenix market is $250.00 per hour, and courts in the District of Arizona have reduced § 406(b) fee awards to an amount approximately three times higher than this rate, a de facto rate of $750 or thereabout." *Solomon v. Comm'r of Soc. Sec.*

*Admin.*, 2021 WL 4355635, *5 (D. Ariz. 2021) (cleaned up).

The Court finds that the requested award is "large in comparison to the amount of time counsel spent on the case" and "a downward adjustment" is "in order." *Gisbrecht*, 535 U.S. 789, 808. Having determined that there is no unusual complexity or risk involved in this case, and keeping in mind that "reasonable contingency fees generally should exceed a reasonable lodestar," *Biggerstaff v. Saul*, 840 F. App'x 69, 71 (9th Cir. 2020), the Court is now tasked with determining how great a reduction from the total requested award is appropriate.

The Court must make this determination as an exercise of discretion, and courts have reached widely disparate conclusions as to the reasonable *de facto* rate in a case where there is no special complexity or higher-than-usual risk. For example, in a case involving "a complex application for Social Security benefits" in which the district court acknowledged that "counsel undertook some risk in agreeing to represent this plaintiff on a contingency basis, and successfully represented his client in a case that was disputed by defendant and required skill and expertise," the district court determined that an award of $30,623.75 was "not in proportion to" the 51.5 hours the attorney spent on the case. *Carlson v. Astrue*, 2010 WL 2813427, *4 (D. Or. 2010). The district court reduced the award to $24,499, or 20% of the past-due benefits—a reduction of the *de facto* hourly rate from $594.64 per hour to $475.71 per hour. *Id.* The Ninth Circuit affirmed, holding that "[t]he district court did not abuse its discretion by reducing the fees from the amount specified in the fee agreement based on the court's assessment of what was reasonable given the risk and complexity involved in this case." *Carlson v. Comm'r of Soc. Sec. Admin.*, 467 F. App'x 591, 592 (9th Cir. 2012).[2]

---

[2] The Ninth Circuit's affirmance of a reduced award that amounts to a *de facto* hourly rate of $475.71 demonstrates that the higher awards ordered in *Crawford* do not establish a floor for what is reasonable in every case. The determination of whether an award is reasonable remains case-specific. Although the Ninth Circuit instructed the district court to award fees without reduction at a *de facto* hourly rate of "$519 in *Washington,* $875 in *Crawford,* and $902 in *Trejo*," it did not discuss the level of complexity or risk in each of these cases. *Crawford*, 586 F.3d at 1153 (Clifton, J., dissenting). Without that information, the bare amount of these rates is of limited use. *Crawford,* 586 F.3d at 1152-53 (majority opinion) (explaining that courts should assess "the complexity and risk involved in the specific case at issue," rather than social security cases in general, when

Furthermore, the ambiguity in the August 26, 2026 letter titled "Notice of Change in Benefits" makes it impossible for the Court to conclude, on this record, that the 406(b) award can permissibly exceed $16,471.50, as there is no conclusive statement from the Social Security Administration indicating a definite award of past-due benefits (not subject to some unspecified reduction) in excess of $65,886.00. An award of $16,471.50 would result in a de facto hourly rate of $543.61, which, as discussed above, is in line with typical recoveries in cases of typical complexity.

Accordingly,

**IT IS ORDERED** that Counsel's motion for attorneys' fees (Doc. 14) is **granted in part and denied in part**. Attorneys' fees under 42 U.S.C. § 406(b) are awarded in the amount of $16,471.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 30th day of September, 2026.

Dominic W. Lanza
United States District Judge

---

analyzing the reasonableness of the requested fees).